**IN THE UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Lee Kerl,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV 21-00196-SPL (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

On February 5, 2021, Petitioner Damon Lee Kerl, who is confined in the Arizona State Prison Complex, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

Over the course of three trials, Petitioner was convicted of 25 felony counts in Maricopa County Superior Court, case #CR 1993-07451-001. He was sentenced to a 111-year term of imprisonment and to life with the possibility of parole for a first-degree murder conviction. In his Petition, Petitioner raises two grounds for relief. However, the Petition is untimely and Petitioner is not entitled to equitable tolling. Petitioner has also failed to demonstrate actual innocence. Accordingly, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

\\\

## II. BACKGROUND

The Arizona Court of Appeals found the following facts and procedural history as true:[1]

> In 1993, Kerl was indicted for forty-one serious felonies, including first degree murder, for crimes committed on three separate occasions. Kerl was sixteen years old at the time of the events. Between 1995 and 1999, Kerl was convicted of twenty-five felony counts in three separate trials. He was sentenced after each trial. After the first two trials, Kerl received an aggregate sentence of 105 years imprisonment for armed robbery, ten counts of kidnapping, nine counts of aggravated assault, two counts of burglary in the first-degree, attempted armed robbery, and theft. At the third trial, Kerl was convicted of first-degree murder and sentenced to a consecutive term of life with the possibility of parole after twenty-five years.
>
> Kerl's convictions and sentences were affirmed on direct appeal. *State v. Kerl*, 1 CA-CR 99-0531 and 1 CA-CR 00-0524 (Ariz. App. Feb. 1, 2001). Kerl filed a timely notice of post-conviction relief ("PCR") in 2001. After reviewing the record, Kerl's counsel filed a notice of no colorable claims. *See* Ariz. R. Crim. P. 32.6(c). Kerl did not file a pro per petition, and the trial court summarily dismissed the notice in 2002.
>
> In 2017, Kerl filed a second notice of post-conviction relief alleging that *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) resulted in a significant change in the law entitling him to relief. Kerl's case was combined with a group of similarly situated defendants and stayed for five years. Meanwhile, in 2019[], Kerl was granted parole on the homicide count.
>
> In 2022, the trial court lifted the stay and ordered Kerl to file a petition by January 26, 2023. The State thereafter filed a motion to dismiss, arguing that the Arizona Supreme Court resolved identical claims in *State v. Soto-Fong*, 250 Ariz. 1 (2020), holding that *Miller* and *Montgomery* did not prohibit a juvenile from being sentenced to consecutive sentences exceeding his or her life expectancy. In response, Kerl argued that *Soto-Fong* did not control because his case was factually distinct. Additionally, Kerl notified the court of five new claims for relief under Rule 32.1(a) that he intended to raise in his petition. Kerl never filed a petition.

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

> After the State filed a reply to Kerl's response to the motion to dismiss, the trial court summarily dismissed the notice requesting post-conviction relief, noting that Kerl would have to file a successive notice of post-conviction relief to raise the Rule 32 claims. Kerl filed a motion for reconsideration, which was denied.

*State v. Kerl*, 2023 WL 8826599, at *1 (Ariz. Ct. App. Dec. 21, 2023).

On March 28, 2023, Petitioner filed a petition for review of the dismissal of his PCR proceeding. (Doc. 29-2 at 3; Exh. V.) Petitioner argued that the trial court erred in summarily dismissing his proceeding because *Miller* and *Montgomery* resulted in a significant change in the law entitling him to relief and his case is significantly different than *Soto-Fong*. On December 21, 2023, the Arizona Court of Appeals found the trial court did not abuse its discretion by applying *Soto-Fong*. *Kerl*, 2023 WL 8826599, at *3-4. The court denied relief finding that Petitioner's petition was untimely, and he failed to demonstrate a significant change in the law that would overturn his sentence. *Id.* The Arizona Supreme Court denied Petitioner's petition for review on June 3, 2024. (Doc. 29-2 at 112; Exh. Z.)

### III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner initiated habeas corpus proceedings on February 5, 2021.[2] (Doc. 1.) Petitioner raises two grounds for relief. In Ground One, Petitioner contends that his "aggregate sentence of 111 years, for crimes committed when [he] was a juvenile, and made of consecutive sentences, violates the 8th Amendment under Graham, Miller, and Montgomery." (Docs. 1, 8.) In Ground Two, Petitioner alleges he is innocent of the crimes for which he was convicted. (*Id.*) On July 31, 2024, Respondents filed a Limited Answer. (Doc. 29.) Petitioner has not filed a reply.

\\\

---

[2] On that same day, Petitioner filed a Motion for Stay of Proceedings pending exhaustion of his state court remedies. (Doc. 4.) On August 16, 2021, the Court granted Petitioner's request to stay pending resolution of Petitioner's second PCR proceeding. (Doc. 14.) As noted above, Petitioner's second PCR proceeding concluded on June 3, 2024, when the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 29-2 at 112; Exh. Z.)

IV. **STATUTE OF LIMITATIONS**

A. **Time Calculation**

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, the one-year limitations period is statutorily tolled for the time period "during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2).

On February 1, 2001, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 13-1 at 56; Exh. E.) The Arizona Supreme Court denied Petitioner's petition for review on August 8, 2001. (Doc. 29-1 at 168; Exh. L.) Petitioner's convictions became final 90 days later – on November 6, 2001 – when the time expired for filing a petition for writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A) (providing AEDPA statute of limitations begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court.").

Petitioner, however, initiated PCR proceedings on August 28, 2001. (Doc. 29-1 at 170; Exh. M.) On October 17, 2002, the state court dismissed the PCR proceeding when, after several extension requests were granted, Petitioner failed to file any petition. (Doc. 13-1 at 71-73; Exh. F.) Petitioner then had 30 days, until November 18, 2002, to file a petition for review in the Arizona Court of Appeals. *See* Ariz. R. Crim. P. 32.9(c)(1)(a) (2002) (now amended as Ariz. R. Crim. P. 32.16(a)(1) (2020)). He failed to do so and the AEDPA statute of limitations began running the next day and ended on November 19, 2003. Petitioner did not initiate his habeas proceedings until February 5, 2021.

Accordingly, absent any tolling, his habeas petition is untimely.

Petitioner is not entitled to statutory tolling. Although Petitioner initiated his second PCR proceeding in 2017, alleging that *Miller* and *Montgomery* resulted in a significant change in the law entitling him to relief, the Arizona Court of Appeals ultimately denied relief finding that Petitioner's petition was untimely and he failed to demonstrate a significant change in the law. Thus, the PCR proceedings were not "properly filed" under 28 U.S.C. § 2244(d)(2). *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (recognizing and applying *Pace*). Furthermore, the proceedings were filed after the limitations period had already expired, and, therefore, did not toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed.").

### B.     Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). A petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Petitioner did not file a reply to Respondents' Answer and does not expressly argue equitable tolling. To the extent, however, Petitioner suggests that he was diligent in that he had to wait until *Montgomery* was decided before raising his claim in state court, the Court is not persuaded. Although the rule announced by *Miller* in 2012 was made retroactive by *Montgomery* in 2016, the starting date for a newly recognized right is the date the right "was initially recognized," not when it was made retroactive. 28 U.S.C. § 2244(d)(1)(C). *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (construing identical provision in 28 U.S.C. § 2255 and holding it "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court'"). Thus, "the decision that triggers the one-year statute of limitations [under § 2244(d)(1)(C)] is *Miller*, not *Montgomery*." *Steilman v. Michael*, 859 Fed. Appx. 123, 125 (9th Cir. 2021). Here, Petitioner offers no reason for his failure to initiate his second PCR proceeding until five years after *Miller* was decided, or provide any extraordinary circumstance that otherwise prevented him from filing a timely habeas petition.

Thus, Petitioner has failed to meet his burden of demonstrating extraordinary circumstances or that he has diligently pursued his rights justifying equitable tolling.

### C. Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013). To establish a "credible" claim of actual innocence, a petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). *See also Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) ("In order to pass through the *Schlup* actual innocence gateway, a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." (cleaned up)).

1	Petitioner asserts a two-sentence claim of actual innocence stating, "I am innocent of these crimes. I did not commit these offenses." (Doc. 1 at 7.) Petitioner, however, provides no argument and fails to present new, reliable evidence of actual innocence required to pass through the *Schlup* gateway. *See Smith v. Hall*, 466 F. App'x 608, 609 (9th Cir. 2012) (explaining that to pass through the *Schlup* gateway, a petitioner must first satisfy the "threshold requirement of coming forward with 'new reliable evidence'"); *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003) ("To meet [the *Schlup* gateway standard], [petitioner] must first furnish 'new reliable evidence ... that was not presented at trial.'").

Accordingly, having failed to present new, reliable evidence of actual innocence, Petitioner has not met his burden to establish actual innocence that would excuse his failure to file a timely habeas petition.

**V.    CONCLUSION**

Based on the above analysis, the Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 24th day of September, 2024.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge